

✓ FILED _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 1 4 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN DAVID PAMPLIN,

    *Petitioner,*

    3:08-cv-00007-RCJ-VPC

vs.

    ORDER

J. BENEDETTI, *et al.*,

    *Respondents.*

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (#27) to dismiss. Petitioner John David Pamplin seeks to set aside his 2002 Nevada state conviction, pursuant to a guilty plea, of one count of murder and two counts of child abuse resulting in substantial bodily harm. Respondents contend that the petition is wholly unexhausted and further that the petition is time-barred. The Court reaches only the exhaustion issue.

### Governing Law

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the state supreme court. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal

1  constitutional guarantee and must also state the facts that entitle the petitioner to relief on the

2  federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That

3  is, fair presentation requires that the petitioner present the state courts with both the operative

4  facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*,

5  399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts,

6  as a matter of federal-state comity, will have the first opportunity to pass upon and correct

7  alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501

8  U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

9  ### *Discussion*

10  Petitioner concedes that federal Grounds 2, 3 and 4 are not exhausted. The question

11  of whether the federal petition, as amended, is wholly unexhausted therefore comes down to

12  a question of whether federal Ground 1 is exhausted.

13  In federal Ground 1, petitioner alleges that he was denied due process in violation of

14  the Fifth and Fourteenth Amendments because the state district court failed to consider at

15  sentencing mitigating factors including his lack of prior history, the matter of whether he was

16  under an extreme mental or emotional disturbance at the time of the incident, and the matter

17  of whether he acted under duress.

18  In his state court motion to correct an illegal sentence, petitioner asserted in principal

19  relevant part as follows:

20

21  Clearly, the sentence imposed by the Court was illegal because as stated by the Supreme Court in RAMOS V. STATE

22  83 P.2D 147 (1938) and again in RAINSBERGER V. STATE 399 P.2D 129 (1965) " In a prosecution for murder, where the

23  defendant pleads guilty, NRS 200.030 requires that trial court *first determine the degree of guilt and then fix punishment, upon the theory that no issue is left as to the guilt of a crime of murder.*"

24

25  This Court not only did not review the evidence *in an effort to decide degree,* but arbitrarily designated the first degree as is shown by the transcripts of the guilty plea hearing. (see exhibit

26  B) This also was done in direct violation of NRS 175.201.

27  It was the duty of the Court to weigh and hear all evidence in order *to designate the degree or desinate [sic] the lowest*

28  *degree* pursuant to NRS 175.201.

-2-

1           The plaintiff has suffered extreme harm by *this* clear violation of the Fifth Amendment right to Due Process and his

2   Fourteenth Amendment right to Equal Protection under the law. The prejudice was furthered by violation of his Sixth Amendment

3   right to effective assisstance [sic] of counsel which is obvious due to the fact of there being no objection to the proceedings by

4   plaintiffs [sic] counsel.

5           Also, the plaintiff believes that had the evidence been reviewed and weighed as proscribed by statute *the Court would*

6   *have had to entertain the option of a lesser charge of Voluntary Manslaughter* a violation of NRS 200.050.

7

8           The *other* point the plaintiff would raise in support of this motion would be the ffact [sic] that the Court failed to review and

9   apply nay [sic] mitigating circumstances as outlined in <u>NRS 200.035.</u>

10          These clear and obvious violations of Nevada Statute *and the United States Constitutional law* by the Court not only

11  warrants, but demands the Court to act pursuant to <u>NRS 176.555</u> and correct this illegal sentence thereby affording the plaintiff the

12  constitutionality gaurenteed [sic] benefit *of equal protection and equal application of the law.*

13  #22, Ex. 19, at page 2 (italic emphasis added).

14
        The Court will assume, purely *arguendo*, that the Supreme Court of Nevada decided
15
    *the claim actually asserted in the state court* on the merits when it affirmed the denial of the
16
    state court motion to correct an illegal sentence.[1]
17
        Even with this *arguendo* assumption, the claim in federal Ground 1 was not fairly
18
    presented and exhausted by the claim asserted in the state court motion to correct an illegal
19

20      [1]This purely *arguendo* assumption is subject to question. Under Nevada law, a motion to correct an

21  illegal sentence may challenge only the facial validity of the sentence. Thus, relief may be granted only where the district court lacked jurisdiction to impose the sentence or the sentence exceeded the statutory maximum.

22  See #22, Ex. 29, at 2. The claims in petitioner's motion did not fall within these limited available grounds for the motion. The mere fact that the Supreme Court of Nevada listed the claims asserted by petitioner in his

23  motion did not mean that the court considered such claims in affirming the denial of the motion. The state high court did not discuss the merits of the claim based upon the alleged failure to review and apply mitigating

24  circumstances. The Ninth Circuit decision in *Chambers v. McDaniels*, 549 F.3d 1191 (9th Cir. 2008), arguably is distinguishable in substance given that the Court of Appeals was addressing in that case a discretionary

25  procedure where the merits of the petition could be considered but would not typically be considered absent extraordinary circumstances. *See* 549 F.3d at 1195-99. With a motion to correct an illegal sentence, in

26  contrast, the issues that could be considered were circumscribed under Nevada law, and petitioner's claims did not fall within the ambit of claims that could be considered on such a motion. This Court need not

27  definitively resolve any such issue, however, given that the claim in federal Ground 1 was not fairly presented to the state courts even if, *arguendo*, the claims actually asserted in the state court motion were adjudicated

28  on the merits by the Supreme Court of Nevada.

1   sentence.  Petitioner did not fairly present a claim to the state courts that the state district

2   court's alleged failure to review and apply any mitigating circumstances deprived him of due

3   process of law.  The only reference to due process protection under the Fifth Amendment in

4   the state court motion is in connection with a claim that the state district court erred by failing

5   to first determine the degree of guilt.  In contrast, the one-paragraph argument as to the

6   failure to review and apply mitigating circumstances refers – exclusively – to Nevada state

7   law.  The reference in the next paragraph to "these" violations of Nevada statutory law and

8   federal constitutional law does not necessarily signify that petitioner was referring to

9   constitutional violations on both claims.  He had alleged constitutional error on one claim and

10   only Nevada statutory law error on the other.  In any event, it is established law that mere

11   general appeals to broad principles – such as, as here, "United States Constitutional law" –

12   do not exhaust any specific constitutional claim.  *E.g., Castillo,* 399 F.3d at 999.  Rather, it is

13   well-established law that fair presentation requires that the petitioner present the state courts

14   with *both* the operative facts *and each federal legal theory* upon which his claim is based.  *Id.*

15   Petitioner did not present a federal due process claim in the state courts based upon the state

16   district court's failure to review and apply mitigating circumstances.

17        Ground 1 therefore is not exhausted, and the entire petition accordingly is

18   unexhausted.

19        Petitioner requests, if the Court holds that the petition is wholly unexhausted, that he

20   be granted a stay pursuant to *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d

21   440 (2005), to return to state court to exhaust the petition.

22        Petitioner urges, relying on *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006), that

23   Ninth Circuit authority precludes a stay of an entirely unexhausted petition where "the record

24   shows that there were exhausted claims that could have been included."  *Cf.* 448 F.3d at

25   1154.  He maintains that his case is distinguishable "because there are no other exhausted

26   claims that could have been presented in the Amended Petition."  #32, at 6 n.2.

27        The distinction that petitioner seeks to draw is not one of substance but instead is one

28   that ignores the rationale for the Ninth Circuit's decision in *Rasberry*.

1   The petitioner in *Rasberry* argued that the district court should have determined
2   whether he possibly had other exhausted claims before dismissing a prior wholly-unexhausted
3   petition without prejudice.  The full quotation from which the petitioner in this case selectively
4   draws reads as follows:

5
6           District courts have the discretion to hold a mixed petition
            in abeyance pending exhaustion of the unexhausted claims.
7           *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535, 161
            L.Ed.2d 440 (2005). We decline to extend that rule to the
8           situation where the original habeas petition contained only
            unexhausted claims, but the record shows that there were
9           exhausted claims that could have been included. Such an
            extension would result in a heavy burden on the district court to
10          determine whether a petitioner who files a petition that on its face
            is unexhausted may have other exhausted claims that could have
11          been raised. Once a district court determines that a habeas
            petition contains only unexhausted claims, it need not inquire
12          further as to the petitioner's intentions. Instead, it may simply
            dismiss the habeas petition for failure to exhaust. *See Jiminez v.*
13          *Rice*, 276 F.3d 478, 481 (9th Cir.2001) ("Once [Appellee] moved
            for dismissal, the district court was obliged to dismiss
14          immediately, as the petition contained no exhausted claims."
            (quotation marks and citation omitted)).
15  448 F.3d at 1154.

16  The unavailability of a *Rhines* stay is not confined only to wholly unexhausted petitions
17  where there were exhausted claims that could have been raised.  The *Rasberry* court
18  declined to *extend* the availability of a *Rhines* stay to such a situation, confirming the
19  otherwise applicable and well-established rule that a wholly unexhausted petition is subject
20  to immediate dismissal. The conceded fact that petitioner has no exhausted claims reinforces
21  – rather than detracts from -- the conclusion that a *Rhines* stay is unavailable here. The Court
22  thus is "obliged to dismiss immediately, as the petition contain[s] no exhausted claims."
23  *Jiminez*, 276 F.3d at 481.

24  IT THEREFORE IS ORDERED that respondents' motion (#27) to dismiss is GRANTED
25  and that this action shall be DISMISSED without prejudice.

26  IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of
27  reason would not find the district court's dismissal of the petition for lack of exhaustion to be
28  debatable or wrong.  Petitioner invoked only Nevada state law on his claim that the state

-5-

1 │ district court erred in not reviewing and applying any mitigating circumstances in sentencing.
2 │ Petitioner's strained argument that a *Rhines* stay is available on a wholly unexhausted petition
3 │ in this context similarly does not present a reasonably debatable issue.
4 │        The Clerk of Court shall enter final judgment accordingly, in favor of respondents and
5 │ against petitioner, dismissing this action without prejudice.
6 │        DATED: January 13, 2011

ROBERT C. JONES
United States District Judge